Attorneys for Plaintiff:  W. Andrew Clayton, Jr.
Attorneys for Defendant:   William P. Carlucci, attorney for Brent Porterfield
                           J. David Smith, attorney for John Jumper

# UNITED STATES DISTRICT COURT
## for the Middle District of Pennsylvania

**SNOW SHOE REFRACTORIES LLC, as Administrator
of the SNOW SHOE REFRACTORIES LLC
PENSION PLAN FOR HOURLY EMPLOYEES,**

**Plaintiff,**

**v.**                                          **Case No. 4:16-0002116**

**JOHN JUMPER, BRENT PORTERFIELD, AMERICAN**          (Judge Brann)
**INVESTMENTS FUNDS I, a Delaware limited liability**
**Company, AMERICAN INVESTMENTS FUND II, a**
**Delaware limited liability company, and AMERICAN**
**TUBING ARKANSAS, an Arkansas limited liability**
**company,**

**Defendants.**
_____/

## JOINT CASE MANAGEMENT PLAN

Instructions:   In many cases there will be more parties in the action than there are spaces

provided in this form.   Each party shall provide all requested information.   If the space on this

form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.   Disagreements among parties

with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES,

or with any orders specifically modifying their application in the above-captioned matter, the

parties hereby submit the following Joint Case Management Plan.

1.  **Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:

**By plaintiff(s):  Plaintiff alleges that Jumper stole $5.7 million from the SSRP in three transactions between March, 2015 and February, 2016, and that the other defendants, including Porterfield, aided and abetted in the disputed transactions.  Count I alleges breach of fiduciary duty against Jumper.  Count II alleges conversion against Jumper. Count III alleges that Brent Porterfield ("Porterfield"), American Investments Fund I ("AIF I"). and American Investments Fund II ("AIF II") aided and abetted in the disputed transactions.  Count IV asserted an unjust enrichment claim against American Tubing Arkansas ("ATA"), which received at least $3 million of the SSRP's pension assets from the first of the three disputed transactions. A settlement was reached with AIF I and ATA in April, 2017.  As a result, those two defendants were dismissed from the lawsuit subject to satisfying the terms of settlement.**

**By Brent Porterfield:  Brent Porterfield denies that he breached any duty to the Pension Plan, and denies that he took any Pension Plan asset for his own use and benefit. Brent Porterfield denies that he "rendered substantial aid and assistance to encouragement to Jumper". On the contrary, he did not. Brent Porterfield asserts that he did not commit the acts alleged in the Complaint.**

**By John Jumper:  With respect to defendant John Jumper, he took no action that was not permitted by law and the documents under which he was authorized to act under the self-directed plan at issue.   He utilized his best efforts and judgment to facilitate investments that would generate a level of return that would compensate for a material understanding issue in the plan.   He converted no funds to his personal use.**

    1.2    The facts the parties <u>dispute</u> are as follows:

**Defendants deny that Defendant Jumper lacked authority to make transactions on behalf of the SSRP.   To the contrary, Jumper contends that he was given express authority to act on behalf of the SSRP and that SSRP's principal, Brett Blair, was aware of his actions and approved of them.**

00786439-1                                    2

<u>The facts the parties agree</u> upon are as follows:

**As to Brent Porterfield:   Porterfield admits that he was never an employee of Snow Shoe Refractories, LLC ("SSR") and he owned a 12% interest in the company.   Blair formed an entity known as BBBP Acquisition LLC with Porterfield to acquire the assets of SSR. Porterfield knew Brett Blair through their involvement as ministers at one time with the Methodist Church. Porterfield admits that John Jumper's business partner in Alluvion Investments, LLC, R. Trent Curry, formed an entity in Arkansas known as American Tubing Arkansas, LLC ("ATA") and that it was acquiring American Tubing, Inc. [Jumper denied this, however].**

**Porterfield admits being aware of the $3 million that was withdrawn from the SSRP in March, 2015.**

**As to John Jumper:   John Jumper admits that SSR is the administrator of the SSRP, that it is in the business of manufacturing fireclay and alumina refractory products, and that it acquired the assets of Premier Refractories, Inc. in January, 2007.   He also admits that he was, at the time of filing his answer, a registered securities broker.   American Investments Fund I ("AIF I") was incorporated on or about March 6, 2015 and that he, Brent Porterfield, R. Trent Curry and Leander J. Foley, III were involved in its formation.   He also admits that American Investments Fund II ("AIF II") was formed on or about August 25, 2015 and that he is the principal officer, owner and control person of that company. American Tubing Arkansas, LLC "(ATA") was formed by Jumper's business partner, R. Trent Curry on or about February 23, 2015 and it acquired American Tubing in or about March, 2015.   Jumper admits he has known Brett Blair for about 36 years, as of the filing of the complaint, and that they were roommates in 1990 or 1991.   He also admits that Blair became a Methodist minister and, later, was engaged in a business that markets pastoral products to the clergy.   He admits that Leander J. Foley, III had an equity interest in two investment-related businesses run by Jumper known as Alluvion Securities, LLC and Alluvion Investments, LLC and that R. Trent Curry was formerly an owner of Alluvion Investments, LLC.**

**Jumper further admits that in or about 2004, he approached Blair and proposed that he acquire SSR through an asset purchase, and that Blair formed BBBP Acquisitions, LLC with Brent Porterfield in order to carry out the acquisition.   The acquisition of 100% of the assets Premier Refractories, Inc., which occurred in February, 2017, ultimately resulted in a company renamed as SSR.   The SSRP had approximately $8.3 million at that time.**

**With respect to the $3 million withdrawn from the Pension Plan in March, 2015, Brent Porterfield was aware of and facilitated that transaction.   [Porterfield denies that he "facilitated" the transaction.]   Jumper orchestrated that transaction between the SSRP and AIF I and instructed Merrill Lynch to wire the money to AIF I. Jumper subsequently furnished Merrill Lynch with a $3 million promissory note executed by AIF I with respect to that transaction.   The SSRP was worth about $9.8 million at that time.**

**Jumper admits he met with Brett Blair in October, 2015.   He also admits that he arranged for an additional $2 million to be transferred from the SSRP to AIF II.   He admits that outside actuaries for the SSRP received a year-end report from Merrill Lynch which showed the withdrawals of $3 million in March, 2015 and November, 2015.**

**Jumper admits that the documents referenced in paragraph 59 of the complaint, which relate to a transfer of $700,000 from the SSRP on February 19, 2016 "speak for themselves," and that Merrill Lynch wired money from the SSRP account that same day.   He also admits that Brett Blair made a demand on April 28 or 29, 2016 that Jumper return $5.7 million to the SSRP.**

       1.3    The legal issues the parties <u>dispute</u> are as follows:

**Defendants contend that Plaintiff's state law claims are pre-empted in whole or in part by ERISA.   Jumper contends that he had authority to act on behalf of the SSRP with respect to the transactions in questions.   Defendants also contend that the claims are barred by applicable statutes of limitation and that Plaintiff is estopped from raising the claims or has waived those claims.**

           The legal issues the parties agree upon are as follows:

**None.**

       1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

**None.**

       1.5    Identify any named parties that have not yet been served:

**None.**

       1.6    Identify any additional parties that:

           plaintiff(s) intends to join:

**At this time, AIF I and ATA, which settled with Plaintiff in April, 2017, have failed to abide by the terms of a settlement agreement.   Although there are continuing efforts to resolve this situation, there is a possibility that Plaintiff may move to amend the complaint in order to bring AIF I and ATA back into this proceeding if they are unable to meet the settlement terms.**

defendant(s) intends to join:

**None.**

1.7     Identify any additional claims that:

plaintiff(s) intends to add:

**At this time, none.   However, depending upon discovery in this proceeding, Plaintiff may seek to amend the complaint.**

defendant(s) intends to add:

**None.**

## 2.0     Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1     Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by Plaintiff:   **See list attached as Exhibit A.**

**Disclosed by Defendant Porterfield: Porterfield has produced voluminous documents pursuant to written discovery requests.**

Disclosed by Defendant Jumper:

As per Exhibit A.

**3.0    Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>                      <u>Moving Party</u>          <u>Anticipated Filing Date</u>

**None.**

**4.0    Discovery**

4.1    Briefly describe any discovery that has been completed or is in progress:

**By plaintiff(s):   Document requests have been served upon Defendants Porterfield and Jumper.   Porterfield has responded.   Jumper has not.**

**By defendant(s):   Porterfield served interrogatories and requests for production on Plaintiff.   They have not been responded to at this writing.**

4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

**Plaintiff intends to take depositions of Jumper, Porterfield, and representatives of Merrill Lynch in order to discover how the transfers of $5.7 million from the SSRP took place in three separate transactions, who was aware of the transactions as they were taking place and what happened to the money.   Depositions of present and former SSR employees including Hazel Renaud, Ron Park, and Mark Jacobs, will be taken to establish whether or not Jumper had the authority he claimed to have to engage in the transactions in question. Defendants will ostensibly take the depositions of Brett Blair and others not addressed in plaintiff's efforts.**

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

**None.**

00786439-1                                    6

4.4   Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

**None.**

4.5   For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.5.1   depositions (excluding experts) to be taken by:

**plaintiff(s):   15          defendant(s): 15**

4.5.2   interrogatories to be served by:

**plaintiff(s):   25          defendant(s): 25**

4.5.3   document production requests to be served by:

**plaintiff(s): 50          defendant(s): 50**

4.5.4   requests for admission to be served by:

**plaintiff(s): 25          defendant(s): 25**

4.6   Discovery of Electronically Stored Information

**X**□ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

□ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0   Protective Order**

    5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.   Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

**The parties have already accomplished this task.**

    5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0   Scheduling**

    6.1    Final date for joining additional parties:

        June 1, 2018 Plaintiff(s)
        June 1, 2018 Defendants(s)

    6.2    Final date for amending pleadings:

        **12/15/18**_____ Plaintiff(s)

        **12/15/18**_____ Defendants(s)

    6.3    All fact discovery commenced in time to be completed by:   **12/3/18**

    6.4    All potentially dispositive motions should be filed by:   **2/4/19**

    6.5    Reports from retained experts due:

        from plaintiff(s) by **5/13/19**

        from defendant(s) by **6/11/19**

    6.6    Supplementations due **6/25/19**

    6.7    All expert discovery commenced in time to be completed by **7/25/19**

6.8     This case may be appropriate for trial in approximately:

_____ 240 Days from the filing of the action in this court

_____ 365 Days from the filing of the action in this court

_____ Days from the filing of the action in this court

6.9     Suggested Date for the final Pretrial Conference:

**July, 2019**     (month/year)

6.10    Trial

6.10.1  Suggested Date for Trial:

**September, 2019** (month/year)

**7.0     Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

**For Plaintiff: Brett Blair, President, Snow Shoe Refractories, LLC**
**c/o W. Andrew Clayton, Jr., Esq., Icard Merrill**
**2033 Main Street, Suite 600, Sarasota, FL   34237**
**(941) 366-8100**

**For Defendant, John Jumper:   John Jumper**
**J. David Smith, Esq., McCormick Law Firm**
**835 West Fourth Street, Williamsport, PA   17701**
**(570) 326-5131**

**For Defendant, Brent Porterfield:   Brent Porterfield**
**c/o William P. Carlucci, Elion & Grieco & Carlucci & Shipman**
**125 East Third Street, Willamsport, PA   17701**
**(570) 326-2443**

**8.0  Alternative Dispute Resolution ("ADR")**

8.1     Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure:  **Mediation**
Date ADR to be commenced: **January 1, 2019 (possibly earlier)**
Date ADR to be completed: **February 28, 2019**

8.2     If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:


8.3     If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:


**9.0     Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: ___ Y  **X**  N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        _____ Scranton/Wilkes-Barre
        _____ Harrisburg
        _____Williamsport


**10.0  Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0   Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.   Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.   Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.   The Chief Judge may grant or deny such request.

00786439-1                              10

Identify by name, address, and telephone number lead counsel for each party.   Also please indicate ECF User status below.

Dated: **4/3/18**      **W. Andrew Clayton, Jr., Attorney for Plaintiff**

                 **X**☐     ECF User(s)
                 ☐     Waiver requested (as separate document)
                 ☐     Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: **4/3/18**      **J. David Smith, Attorneys for Defendant John Jumper**
                 **X**☐     ECF User(s)
                 ☐     Waiver requested (as separate document)
                 ☐     Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: **4/3/18**      **William P. Carlucci, Attorney for Defendant Brent Porterfield**
                 **X**☐     ECF User(s)
                 ☐     Waiver requested (as separate document)
                 ☐     Fed.R.Civ.P.7.1 (statement filed if necessary)*


* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SNOW SHOE REFRACTORIES LLC, as
Administrator of the SNOW SHHOE REFRACTORIES
LLC PENSION PLAN FOR HOURLY EMPLOYEES,

      Plaintiff,

v.                                 CASE NO.  4:16-002116-MWB

JOHN JUMPER, BRENT PORTERFIELD, AMERICAN
INVESTMENTS FUNDS I, a Delaware limited liability
company, AMERICAN INVESTMENTS FUNDS II, a
Delaware limited liability company, and AMERICAN
TUBING ARKANSAS, an Arkansas limited liability
company,

      Defendants.
_____/

## PLAINTIFFS' EXHIBIT A TO JOINT CASE MANAGEMENT PLAN

### WITNESSES

| WITNESS | TITLE | PHONE |
|---------|-------|-------|
| Brett Blair | United Methodist Minister Managing Member and owner of 83% of SSR and MSR (Sarasota FL) | 901-550-0744 |
| Randy Swafford | Blair's Half-brother, owns 5% of SSR & MSR, Manager (Frostburg Maryland) | 301-689-1788 |
| Brent Porterfield | United Methodist Minister owns 12% of SSR and MSR (Memphis TN). Owns 25% of ATA? | 901- 334-6100 |
| Ron Park | SSR Accountant for 7 years 3/2007-2/2014 | 814-952-4659 |
| Mark Jacobs | Chief engineer, operations 25 years until 2015 (Snow Shoe, PA) | 814-880-9623 |

| WITNESS | TITLE | PHONE |
|---|---|---|
| Jeff Pogue | SSR Accountant 9/2007-12/2008 (PA) | Unknown |
| Robert "Bob" Wilder | SSR Accountant 2014-2015 (PA) | 240-409-1650 |
| Hazel Renaud | SSR Human Resources until 2012 (PA) | Unknown |
| Matt Weaver | CPA for SSR/MAR, Collins Thomas & Assocs. Auditing of both plants till 2014 (Memphis) | w. 901-684-1170 |
| John Jumper | Alluvion Securities, American Investments Funds LLC I & II (Memphis TN) | 901-604-6866 901-763-0744 |
| R. Trent Curry | Jumper's partner, Alluvion Investments. On AIF I & II. Received AIF I loan to purchase American Tubing (Memphis) | 901-763-0744 |
| Leander J. Foley | Works at Alluvion, possible partner in ATA | 901-763-0744 |
| David Lensing | Jumper's partner at Alluvion securities retired around 2013 (Memphis) | 901-212-7583 |
| Abigail Fortino | Conrad Siegel Assocs. (Harrisburg, PA) | 717-652-5633 |
| Amina Williams | Trust Officer Merrill, Lynch (Pennington, NJ) | 609-274-2944 |
| George "Caroll" Todd | Broker, brought SSRPF account to Merrill Lynch (Memphis) | 901-756-2035 |
| Karen Coleman | Merrill Lynch, (NJ) | Unknown |

| WITNESS | TITLE | PHONE |
|---|---|---|
| Charles M. Lewis | Former owner American Tubing (AR) | Unknown |
| Brad Miller | Metropolitan Bank, held the AIF accounts for Jumper (Memphis) | 901-969-8007 |
| Steven VanSickle | Bank of Montgomery, current holder of loans for SSR and MSR (Alabama) | 504-412-2464 |
| Loan Representative? | First NBC Bank (New Orleans), lending institution for Jumper/Curry purchase of ATA | 318-238-2330 ext 1500<br>318-663-7278 |