# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SNOW SHOE REFRACTORIES LLC, as | : | |
| Administrator of the SNOW SHOE REFRACTORIES | : | |
| LLC PENSION PLAN FOR HOURLY EMPLOYEES | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CASE NO. |
| | : | 4:16-002116-MWB |
| JOHN JUMPER, BRENT PORTERFIELD, | : | |
| AMERICAN INVESTMENTS FUNDS II, a | : | |
| Delaware limited liability company, | : | |
| And R. TRENT CURRY | : | |
| Defendants | : | |
| | : | |
| v. | : | |
| | : | |
| MERRILL LYNCH BANK & TRUST CO., FNB | : | |
| Third Party Defendant | : | |

_____

### FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES AND CROSS CLAIM TO SECOND AMENDED COMPLAINT AND FIRST AMENDED CROSS CLAIM DIRECTED TO THIRD PARTY DEFENDANT BY BRENT PORTERFIELD,

1. The allegations set forth in this Paragraph state a legal conclusion requiring no answer.

2. The allegations set forth in this Paragraph state a legal conclusion requiring no answer. In the alternative, in the event that it is judicially determined that an Answer is required, the allegations set forth in this paragraph are denied.

3. The allegations set forth in this Paragraph state a legal conclusion requiring no answer. The allegations set forth in this Paragraph state a legal conclusion requiring no answer. In the alternative, in the event that it is judicially determined that an Answer is required, the allegations set forth in this paragraph are denied.

4. The allegations set forth in this Paragraph state a legal conclusion requiring no answer. The allegations set forth in this Paragraph state a legal conclusion requiring no answer. In the

alternative, in the event that it is judicially determined that an Answer is required, the allegations set forth in this paragraph are denied.

5. The allegations set forth in this Paragraph state a legal conclusion requiring no answer.

6. The allegations set forth in this Paragraph state a legal conclusion requiring no answer.

7. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

8. Admitted, except that Brent Porterfield (hereinafter "Porterfield") is not a "close friend" of co-defendant Jumper.

9. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

10. Denied as stated. Porterfield participated in American Tubing Arkansas, LLC as a member. Porterfield was not "involved in the formation" of American Investments Fund I, LLC.

11. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

12. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied, except that Porterfield was aware of the formation and existence of American Tubing and reviewed documents related to its formation.

13. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

14. Admitted.

15. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

16. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

17. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

18. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

19. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

20. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

21. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

22. Admitted.

23. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied, except that Porterfield was aware of the BBBP acquisition of assets of Premier Refractories.

24. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

25. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

26. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

27. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

28. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

29. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

30. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

31. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

32. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

33. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

34. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

35. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied. The interpretation of the correspondence of March 12, 2015 is a legal conclusion requiring no answer.

36. Denied as stated.  Porterfield did not "take money from the Pension Plan."  Since Porterfield did not "take money from the Pension Plan", he was in no position to "advise" anyone of the facts, as alleged.  Porterfield had no active role in the activities alleged in this paragraph.  As to allegations regarding activities of other parties, Porterfield lacks sufficient information to form a belief as to the truth of those allegations, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

37. Denied as stated.   AIF I was not a "shell corporation" and was not an "alter ego of Porterfield."   As to allegations regarding activities of other parties, Porterfield lacks sufficient information to form a belief as to the truth of those allegations, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

38. Denied as stated.  Porterfield had no active role in the activities alleged in this paragraph.  As to allegations regarding activities of other parties, Porterfield lacks sufficient information to form a belief as to the truth of those allegations, because the means of proof are within the exclusive control of adverse parties.   For that reason, the allegations set forth in this paragraph are denied.

39. Denied as stated. It is admitted that Porterfield was aware of the first transaction, but it is denied that he "facilitated" the transaction. It is admitted that Porterfield has received some funds from American Tubing.

40. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

41. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

42. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

43. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

44. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

45. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

46. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

47. Denied as stated.   Brent Porterfield was not aware of the transaction described in this Paragraph. As to allegations regarding activities of other parties, Porterfield lacks sufficient information to form a belief as to the truth of those allegations, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

48. Denied as stated.   AIF II was not a "shell corporation" and was not an "alter ego of Porterfield."   As to allegations regarding activities of other parties, Porterfield lacks sufficient information to form a belief as to the truth of those allegations, because the means of proof are within the exclusive control of adverse parties.   For that reason, the allegations set forth in this paragraph are denied.

49. Denied as stated.   Porterfield did not participate in the transactions as alleged.   Porterfield denies that AIF II was formed for the purposes alleged, or for any other improper purpose. As to allegations regarding activities of other parties, Porterfield lacks sufficient information to form a belief as to the truth of those allegations, because the means of proof are within the exclusive control of adverse parties.   For that reason, the allegations set forth in this paragraph are denied.

50. Denied as stated.   Porterfield did not participate in the transactions as alleged.   Porterfield denies that AIF II was formed for the purposes alleged, or for any other improper purpose. Porterfield did not "intend for AIF II to serve as a conduit to funnel the stolen Pension Plan money to business entities."   As to allegations regarding activities of other parties, Porterfield lacks sufficient information to form a belief as to the truth of those allegations, because the means of proof are within the exclusive control of adverse parties.   For that reason, the allegations set forth in this paragraph are denied.

51. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.   For that reason, the allegations set forth in this paragraph are denied.

52. Denied as stated, since Porterfield had no information regarding the facts alleged in this paragraph, and thus was in no position to "advise" anyone of those facts.   On the contrary,

Porterfield had no role in the activities alleged in this paragraph.  As to allegations regarding activities of other parties, Porterfield lacks sufficient information to form a belief as to the truth of those allegations, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

53. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

54. Denied as stated.  Porterfield never "orchestrated" any transactions with regard to the Pension Plan.  On the contrary, Porterfield had no role in the alleged activities.  As to allegations regarding activities of other parties, Porterfield lacks sufficient information to form a belief as to the truth of those allegations, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

55. Porterfield did not sign the documents alleged in this Paragraph.  As to the circumstances regarding how those documents were prepared or executed, Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

56. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

57. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

58. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

59. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

60. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

61. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

62. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

63. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

64. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

65. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

66. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

67. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

68. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

69. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

70. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

71. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

72. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

73. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

74. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

75. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

76. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

77. The allegations set forth in this Paragraph state a legal conclusion requiring no answer.

78. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in this Paragraph, because the means of proof are within the exclusive control of adverse parties.  For that reason, the allegations set forth in this paragraph are denied.

## COUNT I

79. The allegations set forth in Paragraphs 1 through 75 are incorporated herein by reference.

80. The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

81. The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

82. The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

## COUNT II

83. The contents of Paragraphs 1 through 75 of this Answer are incorporated herein by reference.

84. The allegations set forth in this Paragraph are directed at another Defendant, such that no response is required by Porterfield.

## COUNT III

85. The contents of Paragraphs 1 through 75 of this Answer are incorporated herein by reference.

86. The allegations set forth in this Paragraph are denied. On the contrary, Brent Porterfield did not "wrongfully embezzle or steal or convert for his own use and benefit the Pension Plan's property."  On the contrary, he did not. Brent Porterfield did not commit the acts alleged in this Paragraph.

**WHEREFORE,** Brent Porterfield respectfully requests this Honorable Court dismiss the Amended Complaint.

## COUNT IV

87. The contents of Paragraphs 1 through 75 of this Answer are incorporated herein by reference.

88. The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

## COUNT V

89. The contents of Paragraphs 1 through 75 of this Answer are incorporated herein by reference.

90. The allegations set forth in this Paragraph are denied. On the contrary, Porterfield is not a "related person" as alleged, and did not "act in concert" as alleged, and did not "wrongfully take $5.7 million from the Pension Plan."  On the contrary, he did not. Brent Porterfield did not commit the acts alleged in this Paragraph.

91. The allegations set forth in this Paragraph are denied. On the contrary, Porterfield did not control AIF I, and AIF I was never the alter ego of Porterfield.  On the contrary, he did not control that entity, and Porterfield did not commit the acts alleged in this Paragraph.

92. The allegations set forth in this Paragraph are denied. On the contrary, Porterfield did not control AIF II, and AIF II was never the alter ego of Porterfield.  On the contrary, he did not control that entity, and Porterfield did not commit the acts alleged in this Paragraph.

93. The allegations set forth in this Paragraph are denied. On the contrary, Porterfield did not "act in concert with Jumper and Curry" and did not "wrongfully take Pension Plan assets in order to benefit himself, to the detriment of the Pension Plan. On the contrary, he did not. Brent Porterfield did not commit the acts alleged in this Paragraph.

94. The allegations set forth in this Paragraph are denied. On the contrary, Porterfield did not breach any fiduciary duty to the Pension Plan, and did not take, nor allow Jumper to take, any Pension Plan assets for the benefit of Porterfield.  Further, Porterfield did not "render

substantial assistance and encouragement to Jumper." On the contrary, Porterfield had no knowledge of the wrongful conduct alleged in the Complaint, and did not participate in that conduct. Porterfield did not commit the acts alleged in this Paragraph.

95. Denied as stated. On the contrary, Jumper acted alone, and neither Porterfield nor AIF I nor AIF II "acted in concert" with Jumper, nor "derived a benefit" nor rendered any assistance to Jumper. Neither Porterfield nor AIF I nor AIF II committed the acts alleged in this Paragraph.

96. Denied as stated. On the contrary, Jumper acted alone, and neither Porterfield nor AIF I nor AIF II "acted in concert" with Jumper, nor "derived a benefit" nor rendered any assistance to Jumper. Neither Porterfield nor AIF I nor AIF II committed the acts alleged in this Paragraph.

97. Denied as stated. On the contrary, Jumper acted alone, and neither Porterfield nor AIF I nor AIF II aided or abetted Jumper in any of the activities alleged in the Complaint. On the contrary, neither Porterfield nor AIF I nor AIF II committed any concealment or theft or embezzlement or conversion of any Pension Plan assets.

**WHEREFORE**, Brent Porterfield respectfully requests this Honorable Court dismiss the Amended Complaint.

## COUNT VI

98. The contents of Paragraphs 1 through 75 of this Answer are incorporated herein by reference.

99. The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

100. The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

101.    The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

102.    The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

103.    The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

104.    The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

COUNT VII

105.    The contents of Paragraphs 1 through 75 of this Answer are incorporated herein by reference.

106.    Denied as stated, in that Spee Dee Brakes did not receive money "stolen from the Pension Plan and directed to AIF II", as alleged. Porterfield believes that, without Porterfield's knowledge, Jumper placed funds which he secured from the Pension Plan, into Spee Dee Brakes.  Porterfield discovered that transaction long after it occurred.

107.    Denied as stated.  Porterfield received no financial benefit as a result of the Pension Plan transactions alleged in the Complaint.

108.    Denied as stated.  Porterfield received no financial benefit as a result of the Pension Plan transactions alleged in the Complaint.

109.    Denied as stated.  Porterfield received no financial benefit as a result of the Pension Plan transactions alleged in the Complaint.

110.    Denied as stated.  Porterfield received no financial benefit as a result of the Pension Plan transactions alleged in the Complaint, and thus Plaintiff has not been damaged, as alleged.

**WHEREFORE**, Brent Porterfield respectfully requests this Honorable Court dismiss the Amended Complaint.

## COUNT VIII

111.  The contents of Paragraphs 1 through 75 of this Answer are incorporated herein by reference.

112.  The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

113.  The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

114.  The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

115.  The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

116.  The allegations set forth in this Paragraph are directed at another party, requiring no answer by Porterfield.

## AFFIRMATIVE DEFENSES OF DEFENDANT BRENT PORTERFIELD

117.  The allegations set forth in the Second Amended Complaint fail to state a cause of action pursuant to applicable law.

118.  The allegations set forth in the Second Amended Complaint fail to state a cause of action against Brent Porterfield.

119.  In the event that it is judicially determined that the allegations set forth in the Second Amended Complaint state a cause of action against Brent Porterfield, which is denied by

Brent Porterfield, the acts and omissions alleged in the Amended Complaint were not acts and omissions of Brent Porterfield, but rather acts and omissions of other parties.

120.    The claims asserted in the Second Amended Complaint are barred pursuant to applicable law, including, but not limited to, the applicable statute of limitations or the equitable doctrine of laches.

121.    The Plaintiff is estopped from asserting the claims which are the subject matter of the Second Amended Complaint, or the Plaintiff has waived those claims.

**WHEREFORE,** Brent Porterfield respectfully requests this Honorable Court dismiss the Second Amended Complaint.

## CROSS CLAIM BY DEFENDANT BRENT PORTERFIELD, DIRECTED TO CO-DEFENDANTS

122.    The contents of Paragraphs 1 through 118 of this Answer are incorporated herein by reference as if more fully set forth herein.

123.    The claims set forth in the Second Amended Complaint should be dismissed for the reasons more fully set forth above.  In the alternative, in the event that it is judicially determined that Brent Porterfield is liable to the Plaintiff on any of the claims asserted in the Amended Complaint, which is denied by Brent Porterfield, the acts and omissions alleged in the Amended Complaint were not the acts and omissions of Brent Porterfield, but rather acts and omissions of other parties.  For that reason, in the alternative, in the event that it is judicially determined that Brent Porterfield is liable to the Plaintiff on any of the claims asserted in the Second Amended Complaint, Brent Porterfield seeks judgment in his favor, and against Co-Defendants John Jumper and American Investment Fund II, LLC, and R. Trent Curry, for indemnity, or for contribution, in the amount of any judgment entered in favor of the Plaintiff and against Brent Porterfield.

**WHEREFORE**, Brent Porterfield respectfully requests this Honorable Court dismiss the Second Amended Complaint.  In the alternative, in the event that it is judicially determined that Brent Porterfield is liable to the Plaintiff on any of the claims asserted in the Second Amended Complaint, Brent Porterfield seeks judgment in his favor, and against Co-Defendants John Jumper and American Investment Fund II, LLC, and R. Trent Curry, for indemnity, or for contribution, in the amount of any judgment entered in favor of the Plaintiff and against Brent Porterfield.

### FIRST AMENDED CROSS CLAIM BY DEFENDANT BRENT PORTERFIELD, DIRECTED TO THIRD-PARTY DEFENDANT

124.    The contents of Paragraphs 1 through 118 of this Answer are incorporated herein by reference as if more fully set forth herein.

125.    Defendant R. Trent Curry (hereinafter "Curry") filed an amended Third-Party Complaint in this matter on May 22, 2019, alleging claims against Third-Party Defendant Merrill Lynch Bank & Trust Co., FNB (hereinafter "Merrill"), for Intentional or Negligent Misrepresentation, and for Contribution or Indemnity. Porterfield lacks sufficient information to form a belief as to the truth of the allegations set forth in Curry's Third Party Complaint, because the means of proof are within the exclusive control of adverse parties.  For that reason, the facts alleged in that Amended Third-Party Complaint which are directed at Merrill are incorporated herein by reference, without adoption by Brent Porterfield.

126.    Based upon facts as alleged by Curry at Paragraphs 5 and 6 and 7 and 8 of Curry's Amended Third Party Complaint, one G. Carroll Todd, Jr. (hereinafter "Todd) had either actual or apparent authority to act on behalf of Merrill with regard to the Pension Funds of Snow Shoe which are the subject of this litigation, with authority to manage those funds, which authority was obtained from Merrill.

127.    Based upon facts as alleged by Curry at Paragraph 9 of Curry's Amended Third Party Complaint, Merrill caused Curry to believe that Merrill had granted Todd authority to manage Snow Shoe Pension Funds.

128.    Based upon facts as alleged by Curry at Paragraphs 10 and 11 of Curry's Amended Third Party Complaint, all actions by Todd were within the scope of the authority provided to Todd by Merrill. Further, Merrill failed to take any action to challenge Todd's authority to act on behalf of Merrill, with regard to the Pension Funds.

129.    Based upon facts as alleged by Curry at Paragraph 12 of Curry's Amended Third Party Complaint, between 2015 and 2017, Todd acted as the liaison between Merrill and John Jumper (hereinafter "Jumper") in connection with the investment of Pension Fund assets made by Jumper, including the investments which are the subject of this litigation.

130.    Based upon facts as alleged by Curry at Paragraphs 14, 15, 16, 17, 18, 19, and 20 of Curry's Amended Third Party Complaint, Jumper advised Curry that Jumper intended to invest Three Million Dollars on behalf of the Pension Plan into AIF I, and that Jumper represented to Curry that Jumper was the Pension Plan's sole manager and authorized to make the investment.  Further, Jumper represented to Curry that Jumper was authorized to transfer funds of the Pension Plan deposited with Merrill. Curry received communications from Todd regarding the proposed investment of Pension Plan assets into AIF I, and Todd discussed selling Pension Plan assets to raise cash for the transfer of Pension Plan Funds from Merrill for the AIF I investment.  Merrill, through its agent Todd, sold Pension Plan assets to raise cash for the investment in AIF I, and Todd, through Jumper, provided Curry with instructions on implementing the wire transfer of Pension Plan Funds into AIF I. Merrill, through Todd, approved the wire transfer.

131.   Based upon facts as alleged by Curry at Paragraph 22 of Curry's Amended Third Party Complaint, Merrill knew that Pension Plan Funds were being invested in AIF I.

132.   Based upon facts as alleged by Curry at Paragraphs 23, 24, and 25 of Curry's Amended Third Party Complaint, Jumper and Todd had numerous communications about the Pension Plan investment.  Jumper contacted Todd on many occasions to obtain Todd's permission to move Pension Plan Funds into cash for the purpose of investing Pension Plan assets into outside companies, and Curry understood that the agreed upon and required protocol for handling the investment of Pension Plan assets was for Jumper to first obtain permission from Todd before investing or withdrawing Pension Plan assets.

133.   Based upon facts as alleged by Curry at Paragraphs 29, 30, 31, 32, and 33 of Curry's Amended Third Party Complaint, Merrill, through its agent Todd, acted as though Jumper had the authority of the Pension Plan and Merrill to invest Pension Plan Funds.  Todd's statements and actions gave the impression that Jumper had authority to invest Pension Plan assets, and neither Todd nor any other Merrill representative advised Curry that the Pension Plan did not authorize the investment into AIF I, and neither Todd nor any representative of Merrill advised Curry that Jumper was not the trustee of the Pension Plan or that Jumper did not have the authority to invest Pension Plan assets.  Further, Todd represented, through his statements and actions, that investment of Pension Plan assets into AIF I, was authorized by both the Pension Plan and Merrill.

134.   Based upon facts as alleged by Curry at Paragraphs 34, 35, and 36 of Curry's Amended Third Party Complaint, Todd represented, through his statements and actions, that Jumper had the authority to make investment decisions on behalf of the Pension Plan.  Further, Curry alleged that he relied upon Todd's representations and Merrill's representations in agreeing

to allow investment of Pension Plan Funds into AIF I, and that Curry, as manager of AIF I, executed a promissory note from AIF I to the Pension Plan in reliance upon representations by Todd and Merrill.

135.   The claims set forth in the Second Amended Complaint should be dismissed for the reasons more fully set forth above.   In the alternative, in the event that it is judicially determined that Brent Porterfield is liable to the Plaintiff on any of the claims asserted in the Amended Complaint, which is denied by Brent Porterfield, the acts and omissions alleged in the Amended Complaint were not the acts and omissions of Brent Porterfield, but rather acts and omissions of other parties.   For that reason, in the alternative, in the event that it is judicially determined that Brent Porterfield is liable to the Plaintiff on any of the claims asserted in the Second Amended Complaint, Brent Porterfield seeks judgment in his favor, and against Co-Defendants John Jumper and/or American Investment Fund II, LLC, and/or R. Trent Curry, and/or Third-Party Defendant Merrill Lynch Bank & Trust Co., FNB, for indemnity, or for contribution, in the amount of any judgment entered in favor of the Plaintiff and against Brent Porterfield.

**WHEREFORE**, Brent Porterfield respectfully requests this Honorable Court dismiss the Second Amended Complaint.  In the alternative, in the event that it is judicially determined that Brent Porterfield is liable to the Plaintiff on any of the claims asserted in the Second Amended Complaint, Brent Porterfield seeks judgment in his favor, and against Co-Defendants John Jumper and/or American Investment Fund II, LLC, and/or R. Trent Curry, and/or Third-Party Defendant Merrill Lynch Bank & Trust Co., FNB, for indemnity, or for contribution, in the amount of any judgment entered in favor of the Plaintiff and against Brent Porterfield.

 

**ELION, GRIECO, CARLUCCI**
**& SHIPMAN, P.C.**
**/s/ William P. Carlucci**
_____
William P. Carlucci, Esquire
I.D. #30477, Attorney for Brent Porterfield
125 East Third Street
Williamsport, PA 17701
Telephone (570) 326-2443

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SNOW SHOE REFRACTORIES LLC, as | : | |
| Administrator of the SNOW SHOE REFRACTORIES | : | |
| LLC PENSION PLAN FOR HOURLY EMPLOYEES | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CASE NO. |
| | : | 4:16-002116-MWB |
| JOHN JUMPER, BRENT PORTERFIELD, | : | |
| AMERICAN INVESTMENTS FUNDS II, a | : | |
| Delaware limited liability company, | : | |
| And R. TRENT CURRY | : | |
| Defendants | : | |

_____

## CERTIFICATE OF SERVICE

The undersigned, counsel for Brent Porterfield, certifies that he served the attached First Amended Answer and Affirmative Defenses with Cross Claims, to Second Amended Complaint, together with the First Amended Cross Claim directed to Third Party Defendant, upon all counsel pursuant to the ECF system, on the date of filing thereof.


**ELION, GRIECO, CARLUCCI**
**& SHIPMAN, P.C.**
**/s/ William P. Carlucci**
_____
William P. Carlucci, Esquire
I.D. #30477, Attorney for Brent Porterfield
125 East Third Street
Williamsport, PA 17701
Telephone (570) 326-2443