# UNITED STATES DISCTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SNOW SHOE REFRACTORIES LLC, as Administrator of the SNOW SHOE REFRACTORIES LLC PENSION PLAN FOR HOURLY EMPLOYEES | : : : | |
| Plaintiff | : : | |
| v. | : : | CASE NO. 4:16-002116-MWB |
| JOHN JUMPER, BRENT PORTERFIELD, AMERICAN INVESTMENTS FUNDS I, a Delaware limited liability company, AMERICAN INVESTMENTS FUNDS II, a Delaware limited liability company, and AMERICAN TUBING ARKANSAS, an Arkansas limited liability company | : : : : : : : | |
| Defendants | : | |

**BRENT PORTERFIELD'S RESPONSE TO MOTION OF THIRD PARTY DEFENDANT MERRILL LYNCH BANK & TRUST CO., FSB, TO DISMISS CROSS CLAIM**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Table of Authority | Page 3 |
| II. | Statement of the Case | Page 4 |
| III. | Questions Presented | Page 7 |
| IV. | Argument | Page 8 |
| V. | Conclusion | Page 15 |

**TABLE OF AUTHORITIES**

Cases:

Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3rd 1997) ............... Page 14

Colaizzi v. Beck, 2006 Pa.Super., 895 A.2d 36, 31 (2006) ............... Page 12

D.P. Enterprises v. Bucks County Community College, 725 F.2d 943,944 (3rd Cir. 1984) Page 8

Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962) ............... Page 14

In re: Supreme Specialties, Inc., Securities Litigation, 438 F.3d 256 (3rd Cir. 2006) ............... Page 12

Maleski By Taylor v. DP Realty Trust, 653 A.2d 54, 65 (Pa.Cmwlth. 1994) ............... Page 12

Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3rd Cir. 1990) ............... Page 8

Martin v. Lancaster Battery Company, Inc., 530 Pa. 11, 606 A.2d 444 (1992) ............... Page 12

Pappas v. Asbel, 564 Pa. 407, 413-414, 768 A.2d 1089 (2001) ............... Page 14

Pappas v. Asbel 555 Pa. 342, 724 A.2d 889 (1998) ("Pappas I) ............... Page 14

Ranson v. Marrazzo, 848 F.2d 398 (3rd Cir. 1988) ............... Page 8

Ross v Foremost 210 Pa. Super 107, 998 A.2d 648 (2010) ............... Page 12

Shapiro v. UJB Financial Corp., 964 F.2d 272 (3rd 1992) ............... Page 12

New York State Conference of Blue Cross & Blue Shield Plans, v. Travelers Insurance Company, 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed2d 695 (1005) ............... Page 14

# UNITED STATES DISCTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SNOW SHOE REFRACTORIES LLC, as Administrator of the SNOW SHOE REFRACTORIES LLC PENSION PLAN FOR HOURLY EMPLOYEES : Plaintiff : : v. : : JOHN JUMPER, BRENT PORTERFIELD, AMERICAN INVESTMENTS FUNDS I, a Delaware limited liability company, AMERICAN INVESTMENTS FUNDS II, a Delaware limited liability company, and AMERICAN TUBING ARKANSAS, an Arkansas limited liability company : Defendants | CASE NO. 4:16-002116-MWB |

___

**BRENT PORTERFIELD'S RESPONSE TO MOTION OF THIRD PARTY DEFENDANT MERRILL LYNCH BANK & TRUST CO., FSB, TO DISMISS CROSS CLAIM**

Defendant Brent Porterfield (hereinafter "Porterfield") files the within Memorandum of Law in Opposition to the Motion of Third-Party Defendant Merrill Lynch Bank & Trust Co., FSB (hereinafter "Merrill Lynch"), to dismiss Porterfield's Cross Claim, as follows:

**I.      STATEMENT OF THE CASE**

Plaintiff filed this action in its capacity as the Administrator of the Snow Show Refractories LLC Pension Plan for Hourly Employees (hereinafter "Pension Plan"), an employee benefit pension plan subject to the Employee Retirement Income Security Act of 1976 (hereinafter "ERISA").

Porterfield filed an Answer to Plaintiff's original Complaint (Document 43) with Cross Claims against Co-Defendants American Investment Fund II, LLC and John Jumper. Throughout the text of that Answer, Porterfield alleged that he had only limited knowledge of the

4

financial transactions which form the basis of the Complaint, and further alleged that some of his knowledge was acquired long after those transactions occurred.

Plaintiff filed its First Amended Complaint on June 29, 2018, adding Defendant R. Trent Curry (hereinafter "Curry"). Porterfield filed an Answer with Cross Claims (Document 77), asserting Cross Claims against Co-Defendants American Investment Fund II, LLC and John Jumper and Curry. Once again, Porterfield alleged that he had only limited knowledge of the financial transactions which form the basis of the Complaint, and further alleged that some of his knowledge was acquired long after those transactions occurred.

After Curry filed a Motion to Dismiss Plaintiff's First Amended Complaint, Plaintiff filed a Second Amended Complaint on October 31, 2018. Porterfield filed an Answer with Cross Claims (Document 99), again asserting Cross Claims against Co-Defendants American Investment Fund II, LLC and John Jumper and Curry.

Curry filed a Motion to Dismiss the Second Amended Complaint, which was denied by Order entered February 21, 2019. On March 22, 2019, Curry filed a Third-Party Complaint adding Additional Defendant Merrill Lynch. With leave of Court granted by Order entered April 8, 2019, Porterfield filed an Amended Answer with Cross-Claims (Document 122), which re-stated the Cross-Claims earlier filed within Porterfield's Answer filed as Document 99, but adding the same Cross-Claims against Third Party Defendant, Merrill Lynch.

On March 2, 2019, Merrill Lynch filed a Motion to Dismiss the Third-Party Complaint. On March 9, 2019, Merrill Lynch filed a Motion to Dismiss Porterfield's Cross-Claim. On May 22, 2019, Curry filed an Amended Third-Party Complaint. Merrill filed it Motion to Dismiss the Amended Third Party Complaint on June 12, 2019, along with its brief in support. Curry filed his brief in opposition to Merrill's Motion to Dismiss on June 26, 2019.

Because the factual allegations upon which the Third Part Complaint and Amended Third Party Complaint are based are matters within the knowledge of Curry and Merrill, but not Porterfield, Porterfield sought, and obtained, the stipulation of counsel for Merrill to permit Porterfield to respond to Merrill's Motion to Dismiss, after Curry filed his response (Stipulation filed as Document 140). The Court approved the Stipulation by Order filed as Document 141.

On July 3, 20109, Porterfield filed an Amended Answer with Affirmative Defends and Cross Claims, which amended only the allegations set forth in Porterfield's Cross-Claim against Merrill. In his Amended Cross Claim, again alleges limited knowledge of the financial transactions which form the basis of the Second Complaint. For that reason, the factual allegations set forth in Porterfield's Amended Cross Claim against Merrill point directly to the allegations of fact contained in Curry's Amended Third Party Complaint.

Porterfield files the within brief in opposition to Merrill Lynch's Motion to Dismiss Porterfield's Cross-Claim.

## II. QUESTION PRESENTED

1. WHETHER THE ALLEGATIONS OF FACT ASSERTED BY R. TRENT CURRY IN HIS AMENDED THIRD PARTY COMPLAINT, UPON WHICH PORTERFIELD BASES HIS CROSS CLAIM AGAINST MERRILL, ARE SUFFICIENT TO ALLEGE A CAUSE OF ACTION FOR EITHER NEGLIGENT OR INTENTIONAL MISREPRESENTATION AGAINST THIRD PARTY DEFENDANT MERRILL LYNCH BANK & TRUST, FSB, THROUGH ITS AGENT G. CARROLL TODD.

2. WHETHER THE ALLEGATIONS OF FACT ASSERTED BY R. TRENT CURRY IN HIS AMENDED THIRD PARTY COMPLAINT, UPON WHICH PORTERFIELD BASES HIS CROSS CLAIM AGAINST MERRILL, ARE SUFFICIENT TO ALLEGE A CAUSE OF ACTION FOR FRAUD AGAINST THIRD PARTY DEFENDANT MERRILL LYNCH BANK & TRUST, FSB, THROUGH ITS AGENT G. CARROLL TODD.

3. WHETHER THE CLAIMS ASSERTED BY R. TRENT CURRY IN HIS AMENDED THIRD PARTY COMPLAINT, UPON WHICH PORTERFIELD BASES HIS CROSS CLAIM AGAINST MERRILL, ARE PREEMPTED BY ERISA.

**III.  ARGUMENT**

1. THE ALLEGATIONS OF FACT ASSERTED BY R. TRENT CURRY IN HIS AMENDED THIRD PARTY COMPLAINT, UPON WHICH PORTERFIELD BASES HIS CROSS CLAIM AGAINST MERRILL, ARE SUFFICIENT TO ALLEGE A CAUSE OF ACTION FOR EITHER NEGLIGENT OR INTENTIONAL MISREPRESENTATION AGAINST THIRD PARTY DEFENDANT MERRILL LYNCH BANK & TRUST, FSB, THROUGH ITS AGENT G. CARROLL TODD.

   A. <u>The Proper Test For Determination of a Motion to Dismiss.</u>

The test to be applied in deciding a motion to dismiss for failure to state a claim requires the court to accept as true all allegations in the complaint, and all reasonable inferences that can be drawn from them, and to refrain from granting a dismissal unless it is clear that no relief could be granted under any set of facts which could be proved.  <u>Markowitz v. Northeast Land Company</u>, 906 F.2d 100, 103 (3rd Cir. 1990), citing <u>Ranson v. Marrazzo</u>, 848 F.2d 398 (3rd Cir. 1988).  <u>Accord</u>, <u>D.P. Enterprises v. Bucks County Community College</u>, 725 F.2d 943,944 (3rd Cir. 1984)

   B. <u>The Allegations of Fact Set Forth in Curry's Amended Third Party Complaint, Incorporated by Reference in Porterfield's Amended Cross Claim, are Sufficient to State a Cause of Action for Contribution or Indemnity.</u>

Porterfield respectfully draws this Court's attention to the basis for Porterfield's reliance upon the facts alleged by R. Trent Curry in his Amended Third Party Complaint, and the material difference between the positions asserted by Curry, and by Porterfield.

First, Porterfield has consistently alleged a lack of personal knowledge.  The facts surrounding the financial transactions which form the basis of this litigation are substantially within the personal knowledge of Brett Blair and John Jumper and R. Trent Curry and G. Carroll Todd, but not within the personal knowledge of Porterfield. Since none of the facts alleged in Curry's Amended Third Party Complaint allege any involvement by Porterfield, and since Porterfield had no such involvement, Porterfield must rely upon Curry's allegations of facts.

Second, while Curry has demanded affirmative relief against Merrill, Porterfield seeks only contribution or indemnity for any affirmative relief which this Court might enter in favor of Plaintiff, and against Porterfield.  Porterfield seeks no affirmative relief, on his own account.

The facts alleged by Curry in his Amended Third Party Complaint, which are incorporated by Porterfield in his Amended Cross Claim, include the following:

5. G. Carroll Todd, Jr. ("Todd") is an adult individual residing in Memphis, Tennessee.
6. At all material times, Todd had actual authority and/or apparent authority to act on behalf of Merrill Lynch in connection with funds invested by the Snow Shoe Refractories, LLC Pension Plan (the "Pension Plan") with Merrill Lynch.
7. Upon information and belief, between 2015 and 2017, Merrill Lynch expressly and/or impliedly provided Todd with actual authority to manage, control and invest the Pension Plan's funds.
8. Upon information and belief, between 2015 and 2017, Merrill Lynch through its words or conduct, provided Todd with apparent authority to manage, control and invest the Pension Plan's funds.
9. Merrill Lynch, through its words and conduct, as detailed herein, lead Curry to believe that Merrill Lynch had granted Todd the authority to manage, control and invest the Pension Plan's funds.
10. At all material times, Todd's actions were within the scope of authority provided by Merrill Lynch and were proper, usual and necessary to carry out the authority.
11. At no time did Merrill Lynch take any action or make any statement indicating that Todd did not have the authority to act on its behalf in connection with the Pension Plan's funds.
12. Between 2015 and 2017, Todd acted as the liaison between Merrill Lynch and Defendant John Jumper ("Jumper") in connection with the investments of the Pension Plan's funds made by Jumper, including, but not limited to, the investment of $3 million in Pension Plan funds into American Investment Funds I, LLC ("AIF I") and American Tubing Arkansas, LLC ("ATA").
13. Defendant Jumper and Todd are childhood friends who, upon information and belief, at all times material hereto, interacted on a regular basis both socially and professionally.

14. In or about 2015, Defendant Jumper advised Curry that he intended to invest S3 million on behalf of the Pension Plan into AIF I due to the inadequate returns the Pension Plan's portfolio of investments as then managed by Merrill Lynch was earning at that time.

15. Defendant Jumper represented to Curry that he was the Pension Plan's sole trustee/manager and was therefore authorized to act on behalf of the Pension Plan relative to the investment of its funds.

16. Defendant Jumper represented to Curry that he was authorized to invest, transfer, withdraw and otherwise control the Pension Plan's funds deposited with Merrill Lynch.

17. Thereafter, Curry received several communications from Todd regarding the investment of Pension Plan funds into AIF I.

18. In those communications, Todd discussed selling Pension Plan assets to raise cash so that the transfer of Pension Plan funds from Merrill Lynch to AIF I could be effectuated.

19. Thereafter, Merrill Lynch, directly and/or through its agent Todd, sold Pension Plan assets to raise cash for the purpose of investing the Pension Plans funds in AIF I.

20. Todd, via Jumper, also provided Curry with instructions on implementing the wire transfer of Pension Plan funds from Merrill Lynch to AIF I.

21. Thereafter, Merrill Lynch, directly and/or through its agent Todd, approved the wire transfer of the Pension Plan's funds from Merrill Lynch to AIF I.

22. At all material times, Merrill Lynch knew that Pension Plan funds were being invested into AIF I.

23. Jumper and Todd also had numerous communications about the investment and transfer of the Pension Plan funds.

24. Upon information and belief, Jumper contacted Todd on many occasions to obtain Todd's permission to move Pension Plan bond/stock mutual funds and/or bond stock ETFs to cash and for purposes of investing the Pension Plan funds into outside companies.

25. Curry understood that the agreed upon and required protocol for handling investment of the Pension Plan's funds was for Jumper to first obtain permission from Todd before investing, withdrawing or otherwise handling the Pension Plan's funds.

26. Upon information and belief, Todd also provided Jumper with Merrill Lynch's account statements for the Pension Plan's account(s).

10

27. Jumper thereafter provided Curry with at least one such account statement as proof of funds for the Pension Plan's investment into AIF I.
28. Upon information and belief. Jumper paid Todd to manage and allocate the Pension Plan's funds.
29. At all material and pertinent times, Merrill Lynch directly and/or through its agent Todd, acted as though Jumper had the express and/or implied authorization of the Pension Plan and Merrill Lynch to invest the Pension Plan's funds.
30. Todd's statements, acts and omissions provided the impression that Defendant Jumper had the authority to invest the Pension Plan's funds in AIF I.
31. At no time did Todd or anyone at Merrill Lynch advise Curry that the Pension Plan did not authorize the investment of its funds into AIF I.
32. At no time did Todd or anyone at Merrill Lynch advise Curry that Jumper was not the trustee of the Pension Plan or that Jumper did not have the authority to invest the Pension Plan's funds into AIF I.
33. In fact, Todd represented, through his statements, acts and omissions, that the $3 million investment of the Pension Plan's funds into AIF I was authorized by both the Pension Plan and Merrill Lynch.
34. Todd further represented, through his statements, acts and omissions, that Defendant Jumper had the authority to make investment decisions on behalf of the Pension Plan.
35. As a result of, and in reliance on, Todd's and Merrill Lynch's representations, Curry agreed to allow investment of the Pension Plan's funds into AIF I.
36. As a result of, and in reliance on, Todd's and Merrill Lynch's representations, on or about March 17, 2015, Defendant Curry, as Manager of AIF I, executed a Promissory Note from AIF I to the Pension Plan to reflect the terms of the Pension Plan's investment into AIF I.

If discovery supports the allegations of fact set forth in Curry's Amended Third Party Complaint, Curry will have ably demonstrated a right to the relief sought. Similarly, those allegations of fact are sufficient for purposes of Porterfield's limited claim for contribution or indemnity.

2. THE ALLEGATIONS OF FACT ASSERTED BY R. TRENT CURRY IN HIS AMENDED THIRD PARTY COMPLAINT, UPON WHICH PORTERFIELD BASES HIS CROSS CLAIM AGAINST MERRILL, ARE SUFFICIENT TO ALLEGE A CAUSE OF ACTION FOR FRAUD AGAINST THIRD PARTY DEFENDANT MERRILL LYNCH BANK & TRUST, FSB, THROUGH ITS AGENT G. CARROLL TODD.

A. The Test Applicable to Asserting a Cause of Action for Fraudulent Misrepresentation.

Under Pennsylvania common law, a plaintiff who asserts a cause of action for fraudulent misrepresentation must establish that the Defendant knowingly misrepresented a material fact with the intention to induce action by the Plaintiff, justifiable reliance upon that misrepresentation of existing fact, and damage to the party who relied. Colaizzi v. Beck, 2006 Pa.Super., 895 A.2d 36, 31 (2006); Ross v Foremost 210 Pa. Super 107, 998 A.2d 648 (2010). In determining whether a complaint avers fraud with sufficient specificity, Pennsylvania courts look to the complaint to ascertain whether it adequately explains the nature of the claim, in order to permit the defendant to prepare a defense. The plaintiff is not required to plead evidentiary detail underlying the fraud. Maleski By Taylor v. DP Realty Trust, 653 A.2d 54, 65 (Pa.Cmwlth. 1994), citing Martin v. Lancaster Battery Company, Inc., 530 Pa. 11, 606 A.2d 444 (1992).

Under Federal Rule 9(b), a Plaintiff asserting a cause of action for fraud may allege matters of knowledge or intent generally, but must state allegations of fraud with particularity.

> Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) serves to give defendants "notice of the claims against them, provide an increased measure of protection for their reputations, and reduce the number of frivolous suits brought solely to extract settlements." In re Burlington Coat Factory Securities Litigation., 114 F.3d 1410, 1418 (3d Cir. 1997)."Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his or her damage.
>
> In re: Supreme Specialties, Inc., Securities Litigation, 438 F.3d 256 (3rd Cir. 2006), citing Shapiro v. UJB Financial Corp., 964 F.2d 272 (3rd 1992).

B. <u>The Allegations of Fact Set Forth in Curry's Amended Third Party Complaint, Incorporated by Reference in Porterfield's Amended Cross Claim, are Sufficient to Satisfy the Particularity Requirement of Rule 9(b).</u>

Curry repeatedly alleges in his Amended Third Part Complaint that G. Carroll Todd (hereinafter "Todd) had the actual or apparent authority to act on behalf of Third Party Defendant Merrill, and that Todd acted within the scope of that authority (Paragraphs 6, 7, 8, 9, and 10). Curry alleges that Merrill took no action to suggest that Todd lacked the authority to act as an authorized agent for Merrill (Paragraph 11). Curry alleges that Todd, in his capacity as an agent for Merrill, represented that Jumper had the actual authority to make investments on behalf of the Pension Plan (Paragraphs 30 and 34). Curry alleges that neither Merrill nor Todd provided Curry with notice that Jumper was not authorized to invest Pension Plan assets in AIF I (Paragraphs 31 and 32 and 33 and 34). Curry alleges that he relied upon the materially false representations of Todd and Merrill by executing loan documents for the transaction which is the subject of Plaintiff's Second Amended Complaint (Paragraph 35 and 36).Thus, R. Trent Curry, who acted with Jumper and Todd to complete the transaction which is the subject matter of the Second Amended Complaint, alleges that he did so in reliance upon the materially false representations of an authorized agent of Merrill.

Porterfield, has relied upon the facts alleged by Curry in asserting his Cross Claim against Merrill, limited to contribution or indemnity. The allegations of fact set forth in Curry's Amended Third Party Complaint, and those asserted by Porterfield in his Amended Cross Claim, are sufficient to meet the specificity requirement of Federal Rule 9(b).

C.  In the Alternative, Curry and Porterfield Should Be Granted Leave to Amend.

In the event that this Court concludes that the facts alleged by Curry and Porterfield are insufficient to meet the Rule 9(b) requirement of specificity, Porterfield requests an opportunity to replead. Since there is no reason to conclude that amendment would be futile, Porterfield respectfully submits that denying an opportunity to amend would be an abuse of the Court's discretion, and inconsistent with the spirit of the Federal Rules. Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3rd 1997), citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962).

3.  THE CLAIMS ASSERTED BY R. TRENT CURRY IN HIS AMENDED THIRD PARTY COMPLAINT, UPON WHICH PORTERFIELD BASES HIS CROSS CLAIM AGAINST MERRILL, ARE NOT PREEMPTED BY ERISA.

For the reasons explained by Curry in his brief in opposition to Merrill's Motion to Dismiss the Third Party Complaint, the claims against Merrill by Curry and Porterfield are not preempted by ERISA. ERISA preemption does not occur where claims based in state law are only remotely connected to ERISA plans. Pappas v. Asbel, 564 Pa. 407, 413-414, 768 A.2d 1089 (2001) citing Pappas v. Asbel 555 Pa. 342, 724 A.2d 889 (1998) ("Pappas I), and New York State Conference of Blue Cross & Blue Shield Plans, v. Travelers Insurance Company, 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed2d 695 (1005).

In the matter at bar, neither Curry nor Porterfield are asserting claims under the Pension Plan, and adjudication of their claims will not require interpretation of any Plan document. On the contrary, they assert only that Merrill fraudulently misrepresented to Curry that Jumper was fully authorized to invest Penson Plan funds in AIF I. That claim, if established by clear and convincing evidence, is only remotely connected to the Plan.

## IV.   CONCLUSION

Defendant Brent Porterfield respectfully requests that the Court deny the Motion of Third-Party Defendant Merrill Lynch Bank & Trust Co., FSB to dismiss Porterfield's Cross Claim. In the alternative, in the event that this Court concludes that the facts alleged by Curry in his Amended Third Party Complaint, incorporated by Porterfield in his Cross Claim, are insufficient to meet the Rule 9(b) requirement of specificity, Porterfield requests leave of Court to filed an Amended Cross Claim against Merrill.

 

**ELION, GRIECO, CARLUCCI
& SHIPMAN, P.C.
/w/ William P. Carlucci**

_____
William P. Carlucci, Esquire
I.D. No. 30477
Attorney for Brent Porterfield
125 East Third Street
Williamsport, PA  17701
Telephone (570) 326-2443